D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff and the proposed FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**NYI NYI ZAW, on behalf of himself and others similarly situated,**

          **Plaintiff,**

          v.

**MARCO POLO CATERERS, INC., MARCO MOREIRA and JO-ANN MAKOVITZKY,**

          **Defendants.**
-------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Marco Polo Caterers, Inc. is a New York limited liability corporation that operates 15 East Restaurant ("15 East") in Gramercy, Manhattan.

5. 15 East has an annual gross volume of sales in excess of $500,000.

6. 15 East is a covered employer within the meaning of the FLSA and NYLL and, at all times relevant, employed Plaintiff and similarly situated employees.

7. Defendants Marco Moreira and Jo-Annn Makovitzky are managing owners of 15 East, and as such have ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records.

8. Plaintiff Nyi Nyi Zaw worked at 15 East as a server from early 2015 until January 2018.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all front-of-the-house tipped employees, including captains, servers, bartenders, bussers, runners and servers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiff").

10. At all relevant times, Plaintiff and the other FLSA Collective Plaintiff are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the wrong overtime rate. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiff.

11. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiff are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiff via first class mail to the last address known to Defendants.

## FACTS

12. Plaintiff's Consent to Sue form is attached as Exhibit A.

13. Defendants committed the following alleged acts knowingly, intentionally and willfully.

14. Defendants paid Plaintiff an hourly wage that was lower than the federal and New York minimum wages in 2015 and lower than the New York minimum wage in 2016-2018. Instead of paying Plaintiff the full minimum wage, they paid Plaintiff pursuant to relevant tip credits.

15. Defendants were not entitled to use the tip credits set forth under the FLSA and New York Labor Law because they (a) required Plaintiffs to share tips with tip-ineligible employees in their tip-pool and (b) did not give Plaintiffs the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195.

16. The tip-ineligible individuals in the tip pool have included, without limitation, Novi Tjiang, Kane Yoon, and Ian Lee.

17. These individuals all had general managerial authority, including the ability to hire and fire employees.

18. For example, Novi Tjiang interviewed and hired Plaintiff.

19. Kane Yoon and Ian Lee regularly hire and fire employees and are responsible for scheduling at 15 East.

20. On many nights, close to 40% of the tip pool was misappropriated and given to these individuals.

21. Plaintiff occasionally worked overtime and was paid the overtime rate applicable to individuals paid under the tip credit. However, he should have been paid 1.5 times the full minimum wage because, as discussed above, Defendants were not entitled to any tip credits.

22. Plaintiff's weekly pay statements did not include Plaintiff's correct pay rate, the full minimum wage, in violation of NYLL § 195(3).

23. Defendants knew that nonpayment of minimum wage/overtime would economically injure Plaintiff and violated federal and state laws.

24. Defendants committed the foregoing acts against Plaintiff and the FLSA Collective Plaintiff.

**FIRST CLAIM FOR RELIEF**
**FLSA Minimum Wage Claims, 29 U.S.C. § 201,** *et seq.*,
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

25. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

26. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within

the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

27. Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

28. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. § 207
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

29. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

30. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

31. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek and continue to do so.

32. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs members one-and-one-half times the greater of their regular rate or the minimum wage for work in excess of forty (40) hours

per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

33. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*
Brought by Plaintiff on Behalf of Himself and the Opt-In Plaintiffs

34. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

35. Defendants knowingly paid the Plaintiff and the Opt-In Plaintiffs less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

36. Defendants did not pay Plaintiff and the Opt-In Plaintiffs the minimum wage for all hours worked.

37. Defendants' failure to pay Plaintiff and the Opt-In Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

38. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF

**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650** *et seq.*,
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Himself and the Opt-In Plaintiffs**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

40. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

41. Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Opt-In Plaintiffs at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

42. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Himself and the Opt-In Plaintiffs**

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

44. Defendants did not provide Plaintiff or the Opt-In Plaintiffs with the notices/wage statements required by N.Y. Lab. Law § 195.

45. As a result of Defendants' unlawful conduct, Plaintiff and the Opt-In Plaintiffs are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at

trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### SIXTH CLAIM FOR RELIEF
### Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d
### Brought by Plaintiff on Behalf of Himself and the Opt-In Plaintiffs

46. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

47. Defendants illegally required Plaintiff and the Opt-In Plaintiffs to share gratuities with managerial employees and non-service employees.

48. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiff and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiff;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D.  Penalties available under applicable laws;

E.  Costs of action incurred herein, including expert fees;

F.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

G.  Pre-judgment and post-judgment interest, as provided by law; and

H.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
January 22, 2018

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff and the proposed FLSA Collective Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.